UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK BARTKIEWICZ,** ) | Case No. |
| c/o David B. Malik ) | |
| **Attorney at Law** ) | Judge |
| 8437 Mayfield Rd. Suite 101 ) | |
| **Chesterland, OH  44026,** ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | **Jury Demand Endorsed Hereon** |
| **CITY OF PARMA** ) | |
| **6611 Ridge Road** ) | |
| **Parma, Ohio 44129** ) | |
| ) | |
| **And** ) | |
| ) | |
| **KORI KORINEK** ) | |
| **SPENCER KRUMHEUER** ) | |
| **THOMAS KUCHLER** ) | |
| **MICHAEL WALSH** ) | |
| **SERGEANT OLIVER SIMIC** ) | |
| **JOHN DOES #1-2** ) | |
| c/o Parma Police Department ) | |
| **5555 Powers Blvd.** ) | |
| **Parma, OH 44129** ) | |
| ) | |
| **Individually and in Their Official** ) | |
| **Capacities as Employees of the City of** ) | |
| **Parma, Ohio,** ) | |
| ) | |
| Defendants. ) | |

**I.     PRELIMINARY STATEMENT**

1. This civil rights case seeks redress for the violation of Plaintiff Mark Bartkiewicz's

   Fourth and Fourteenth Amendment constitutional rights. This case also seeks redress for

   the state law claims of assault and battery. This case further seeks redress for federal and

1

state law claims of civil conspiracy. The violation of Mr. Bartkiewicz's state and federal rights occurred on May 29, 2015 in Parma, Ohio. On that day, Defendant Parma police officers Thomas Kuchler, Michael Walsh, and/or John Does #1-2, used excessive, gratuitous and unreasonable force while on duty when they physically assaulted Mr. Bartkiewicz without justification. There was no legitimate or legal justification for these Defendant Officers to abuse, assault and injure Mr. Bartkiewicz. Mr. Bartkiewicz was at all times unarmed. Mr. Bartkiewicz did not pose a threat at the time the excessive, gratuitous and unreasonable force was employed. Mr. Bartkiewicz brings this civil rights action to secure fair compensation and to encourage Parma officers to refrain from the unnecessary, illegal, gratuitous, unreasonable, and excessive use of force against unarmed and non-threatening citizens in the future.

2. Defendant Krumheuer, despite being required to do so, had knowledge of the conduct of Officers Kuchler, Walsh, and/or John Does #1-2, yet deliberately failed to report, address or even mention in any police report, the illegal gratuitous and unconstitutional use of force employed by Defendants Kuchler, Walsh, and/or John Does #1-2.

3. Defendant Korinek, despite being required to do so, had knowledge of the conduct of Officers Kuchler, Walsh, and/or John Does #1-2, yet deliberately failed to report, address or even mention in any police report, the illegal gratuitous and unconstitutional use of force employed by Defendants Kuchler, Walsh, and/or John Does #1-2.

4. Defendants Korinek's, Krumheuer's, Kuchler's, Walsh's, and John Does #1-2's illegal and unconstitutional conduct was known, approved and ratified by agents /employees of the Defendant City of Parma and Defendant Sergeant Oliver Simic who then failed to

report and conduct a meaningful and adequate investigation into the officers illegal use of force.

## II.     PRELIMINARY STATEMENT

5. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

6. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

7. Venue is proper in this division.

## III.    THE PARTIES

8. Plaintiff Mark Bartkiewicz was a resident of Cuyahoga County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

9. Defendant City of Parma is a unit of local government organized under laws of the State of Ohio. Defendant City of Parma is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

10. Defendant Kori Korinek was at all times relevant to this action an employee of the City of Parma, Ohio police department. He was serving as an on-duty patrol officer on May 29, 2015. Defendant Korinek is sued in his individual and official capacities. Defendant Korinek is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

11. Defendant Spencer Krumheuer was at all times relevant to this action an employee of the City of Parma, Ohio police department. He was serving as an on-duty patrol officer on May 29, 2015. Defendant Krumheuer is sued in his individual and official capacities.

Defendant Krumheuer is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

12. Defendant Thomas Kuchler was at all times relevant to this action an employee of the City of Parma, Ohio police department. He was serving as an on-duty patrol officer on May 29, 2015. Defendant Kuchler is sued in his individual and official capacities. Defendant Kuchler is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

13. Defendant Michael Walsh was at all times relevant to this action an employee of the City of Parma, Ohio police department. He was serving as an on-duty patrol officer on May 29, 2015. Defendant Walsh is sued in his individual and official capacities. Defendant Walsh is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

14. Defendant Sergeant Oliver Simic was at all times relevant to this action an employee of the City of Parma, Ohio police department. He was serving as a Sergeant on May 29, 2015. Defendant Simic is sued in his individual and official capacities. Defendant Simic is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

15. John Does #1-2 were at all times relevant to this action employees of the City of Parma, Ohio police department. They were serving as on-duty police officers on May 29, 2015. John Does #1-2 are sued in their individual and official capacities. They are persons under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state laws

## IV. **FACTS**

**A. The May 29, 2015 Incident**

16. On May 29, 2015, Mark Bartkiewicz's son, Scott Bartikiewicz began an argument with his father while inside their home in Parma, Ohio.

17. Mark's son, Scott, suffers from ADHD and suffers from a bi-polar disorder which affects his personality.

18. An employee from Consumer Support Services ("CSS") was at the Bartkiewicz home for one of Scott's regular assessment visits. CSS provides social services support for individuals with developmental and other disabilities.

19. Scott physically struck his father in the presence of the CSS employee. When Scott struck his father in the face, the CSS employee became alarmed and called 911. This occurred at approximately 12:33 p.m. on May 29, 2015.

20. The CSS employee told the 911 operator that a "special education" man and his father were fighting in the yard, that the son punched the father, the father was bleeding from his nose, and the son had no injuries.

21. Defendants Officers Walsh, Krumheuer, Kuchler, and Korinek each received information from dispatch and they responded to the Bartkiewicz home.

22. Plaintiff's son, Scott Bartkiewicz, was well known to Parma Police Officer. Scott had previously been arrested by Parma Police Officers approximately 13 times. Scott's behavioral history was known to officers.

23. The Defendant Officers' familiarity with Scott Bartkiewicz even prompted Defendant Kuchler to remark to Parma dispatch that, "Sounds like Scott Bartkiewicz. Yeah that's right. That's their address on Broadview."

24. Mark Bartkiewicz, the father and victim, had never been arrested.

25. Mark Bartkiewicz was however, told on May 29, 2015 by a Parma police officer that he was under arrest.

26. The officers' scene arrival sequence is as follows: Defendant Krumheuer arrived at the Bartkiewicz home at 12:35:38; Defendant Walsh arrived at 12:37:10; Defendant Kuchler arrived at 12:39:31; Defendant Korinek arrived at 12:41:48; and Defendant Simic arrived at 12:57:40.

27. When Defendant Officers arrived, Mark Bartikiewicz explained to the officers that Scott had struck him in the face one time.

28. Mark had a laceration on his nose and Scott had no marks or lacerations.

29. Mark calmly waited for the Defendant Officers to assess and investigate the events.

30. It was Officer Krumheuer who advised Mark, the victim, that he was under arrest.

31. Mark asked why he was being arrested since had done nothing wrong but received no answer from the officer.

32. Now victimized again because he was told he was under arrest, Mark understandably became frustrated. Because of this frustration, Mark struck an inanimate object, the side mirror on his car with his hand. Realizing there was nothing he could to at that point but cooperate Mark just stood by the car and then turned around. Mark did not harm himself in anyway. Mark posed no threat to officers or anyone else in the vicinity.

33. When Mark turned around he compliantly put his hands behind his back in order to allow Defendant Officers to arrest him-even though he had committed no crime.

34. Without probable cause and justification, Defendants Kuchler, Walsh, and/or John Does #1-2 violently grabbed Mark's arms.

35. Without probable cause and justification, Defendants Kuchler, Walsh, and/or John Does #1-2 suddenly and gratuitously used unreasonable and gratuitous force. They threw Mark to the ground face first, causing his face and shoulder to slam against the ground.

36. As Mark hit the hard ground, Defendants Kuchler, Walsh, and/or John Does #1-2, without probable cause and justification, gratuitously yanked Mark's arms behind his back and handcuffed him.

37. Defendants Kuchler, Walsh, and/or John Does #1-2 then unreasonably stood on Mark while he was handcuffed face down on the ground, causing him to experience additional pain to his shoulder and body.

38. The entire time, Mark's wife was calling to Defendants Officers that her husband had suffered seven heart attacks. Mark's wife thought the Defendant Officers were going to kill her husband.

39. Defendant Korinek does not mention Kuchler's, Walsh's, or John Does #1-2's excessive and unreasonable use of force against Mark. Defendant Korinek did not complete a report

40. Defendant Krumheuer's Investigative Narrative, approved by Defendant Simic, does not according to law, policy and procedure mention Kuchler's, Walsh's, or John Does #1-2's excessive, gratuitous and unreasonable use of force against Mark. It states, "After speaking with all parties, Scott was taken into custody for Domestic Violence without incident."

41. Defendant Walsh's Supplemental report, approved by Defendant Simic, merely states, "In an attempt to secure Mark and avoid any further injuries on himself or officers, Mark was escorted to the grass. While on the grass Mark was handcuffed and secured without any injuries." There is no mention of the unreasonable and gratuitous use of force.

7

42. After the sudden, gratuitous and unnecessary use of force against Mark by Defendants Kuchler, Walsh, and/of John Does #1-2, Defendant Officers sat Mark up and he remained handcuffed.

43. Defendant Officers eventually removed the handcuffs on Mark Bartkiewicz.

44. Mark was not charged with a crime, because he had not committed one.

45. As a result of the illegal, unreasonable, gratuitous and excessive force Defendant Officers Kuchler, Walsh, and/or John Does #1-2 used against Mark Bartkiewicz , he went to the hospital for his temporary and permanent injuries.

46. Mark Bartkiewicz experienced serious injuries including but not limited to severe pain in ribs and his shoulder. Mark sustained a torn rotator cuff as a result of the illegal, unreasonable, gratuitous and excessive force used by Defendant Officers Kuchler, Walsh, and/or John Does #1-2.

47. Mark was diagnosed with bruised ribs, sprained ankle, and a torn rotator cuff by physicians. As a result of the illegal, unreasonable, gratuitous and excessive force Defendant Officers Kuchler, Walsh, and/or John Does #1-2 used against Mark Bartkiewicz, he was required to have shoulder surgery to repair the torn rotator cuff on August 14, 2015 and will have to undergo at least one additional surgery to repair the torn rotator cuff.

48. Defendant Officers at all times acted without privilege, without probable cause, without the consent of Mr. Bartkiewicz and harmfully and offensively touched him.

49. As a direct and proximate result of the unprovoked and intentional assault and harmful and offensive touching, on Mr. Bartkiewicz, he suffered permanent multiple traumas,

including but not limited to bruised ribs, sprained ankle, and a torn rotator cuff which required surgery and requires additional surgeries in the future.

50. Defendants reports filed did not acknowledge the illegal use of force used upon Mr. Bartkiewicz.

51. Defendants acted maliciously and in concert to injure Mr. Bartkiewicz's person and property. The actions of Defendants has resulted in actual damages to Mr. Bartkiewicz.

52. Mr. Bartkiewicz lost wages and will lose additional wages in the future, Mr. Bartkiewicz incurred medical bills and will incur additional medical bills in the future.

53. Defendants Kuchler, Walsh, and/or John Does #1-2 used excessive and unreasonable force while on duty when they physically assaulted Mr. Bartkiewicz.

54. There was no reason for Defendant Officers to abuse and assault Mr. Bartkiewicz. These Defendant Officers' conduct amounted to an unnecessary, illegal, unreasonable, excessive use of force to affect an arrest that was not supported with probable cause.

55. Defendant Simic approved the incomplete and misleading reports even though he knew them to be false.

**B. Policies, Customs, and Culpable Conduct**

56. Defendant City of Parma's policies, practices, customs, and usages regarding use of force were and are a moving force behind the excessive force used on Mr. Bartkiewicz by Defendants Kuchler, Walsh, and/or John Does #1-2 in this case. Specifically, the City's use of force and other policies and it's training encouraged officer to engage in "force first, figure out what happened later" conduct.

57. Defendant City of Parma failed to institute adequate policies, procedures, customs, usages, practices and protocols regarding use of force on non-violent citizens who have committed no crimes despite knowing that such training and re-training was required.

58. The training and supervision provided by Defendant City of Parma to the Defendants Officers in this case was deliberately indifferent to the safety of the citizens, including citizens such as Mr. Bartkiewicz.

59. Defendant City of Parma's failure to train and supervise is the result of a long-standing pattern and practice and custom, practice and habit.

60. Defendant City of Parma further failed to institute adequate policies, procedures, customs, usages, practices and protocols regarding report writing, the adequate documentation of uses of force as well as policies requiring officers to accurately and truthfully document uses of gratuitous, unreasonable and excessive force.

61. Defendant City of Parma has not disciplined any of the individual Defendants for the conduct described in this Complaint despite a duty to do so.

62. An investigation, if any, was so incomplete as to constitute a ratification by the City of Parma of Defendants' conduct.

**C. Harm to Plaintiff**

63. As a direct and proximate result of the conduct of each Defendant, Mark Bartkiewicz suffered permanent physical injury, pain, emotional and psychological trauma. He has lost wages and will lose wages indefinitely into the future.

## V. CLAIMS

### FIRST CAUSE OF ACTION– § 1983-EXCESSIVE FORCE

64. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

65. Defendants have, under color of law, deprived Mark Bartkiewicz of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from unreasonable seizures under the Fourth Amendment as applied to the States through the Fourteenth Amendment.

## SECOND CAUSE OF ACTION–ASSAULT AND BATTERY

66. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

67. Under Ohio law Defendants Kuchler's, Walsh's, and/or John Does #1-2's acts of touching against Mark Bartkiewicz constitute battery.

68. Defendants Kuchler, Walsh, and/or John Does #1-2 engaged in an unprivileged, intentional, harmful, offensive touching of Mark Bartkiewicz.

69. Defendants Kuchler's, Walsh's, and/or John Does #1-2's battery was a direct and proximate cause of Mark Bartkiewicz's severe and permanent injuries.

70. As a direct and proximate result of the unprovoked, intentional, harmful, and offensive touching, on Mr. Bartkiewicz, he suffered permanent multiple traumas, including bruised ribs, sprained ankles, and a torn rotator cuff which already required surgery, and requires additional surgeries in the future.

71. Mr. Bartkiewicz lost wages and will lose additional wages in the future, Mr. Bartkiewicz incurred medical bills and will incur additional medical bills in the future.

## THIRD CAUSE OF ACTION– CLAIM FOR CIVIL CONSPIRACY UNDER 42 U.S.C. § 1983

72. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

73. Defendants, through concerted action, by plan, and with a conspiratorial objective have deprived and continue to deprive Plaintiff of his constitutional rights. Overt acts by Defendants include reports filed which did not acknowledge the use of force and continuing failures to disclose or report the use of force on Mr. Bartkiewicz.

### FOURTH CAUSE OF ACTION– CLAIM FOR CIVIL CONSPIRACY UNDER OHIO LAW

74. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

75. Defendant Officers who used force and/or know who used force on Mr. Bartkiewicz are engaged in a conspiracy under Ohio Law. They have acted maliciously and in concert to injure Mr. Bartkiewicz's person and property. The actions of Defendants have resulted in actual damages to Mr. Bartkiewicz by frustrating and delaying this legal action.

### VI. JURY DEMAND

**76.** Plaintiff hereby demands a trial by jury of all issues triable by jury.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A.    Award Plaintiff compensatory damages in an amount to be shown at trial;

B.     Plaintiff punitive damages in an amount to be shown at trial;

C.    Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.    Pre and post judgment interest;

E.    Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ Sara Gedeon
David B. Malik (0023763)
Sara Gedeon (0085759)

8437 Mayfield Road Suite 101  
Chesterland, Ohio 44026  
(440) 729-8260  
(440) 490-1177  
dbm50@sbcglobal.net  
sgedeon1021@gmail.com

Case: 1:16-cv-00995-DAP Doc #: 1 Filed: 04/26/16 13 of 13. PageID #: 13